UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
_____

| | |
|---|---|
| John Stephen Woodward, | Civil File No. 18-cv-3263 (WMW/BRT) |
| Plaintiff, | |
| vs. | **PLAINTIFF'S MEMORANDUM OF LAW IN OPPOPOSITON TO COMBINED MOTION FOR JUDGMENT ON THE PLEADINGS** |
| Sam Azure, Robert Vogelsberg, Mark Krenik, Thomas Jackson, | |
| Defendants. | |

_____

## INTRODUCTION

Plaintiff, John Woodward (Woodward) has brought a Complaint seeking limited relief against Defendants in the form of production of certain information by a "discovery plan" that relates to information collected by Defendants during the local law enforcement investigation which resulted in a conviction for conspiracy to commit murder in Rice County District Court. Plaintiff seeks discovery that was unlawfully denied to him under the post-conviction statutes found in Minnesota Statutes § 590.01 *et seq.* (2018).

Following the commencement of this action, Defendants Sam Azure (Azure), Robert Vogelsberg (Vogelsberg) and Mark Krenik (Krenik) brought forth separate Motions to Dismiss / Motions for Judgment on the Pleadings. This Memorandum comes in opposition to all three of Defendants' Motions, as they are brought upon the same legal theories.

For the reasons stated herein, Plaintiff's Complaint should be allowed to move forward.

## STATEMENT OF FACTS

Plaintiff agrees and incorporates the Statement of Facts set forth in the Memorandum of Law submitted by Defendant Sam Azure. *ECF Doc. 18 pp 2-3*. In addition to those facts, Plaintiff sets forth the following:

Thomas Jackson was an inmate at MCF-Faribault where Plaintiff was also an inmate. *ECF Doc. 5, Complaint, Exhibit 5.1, p.2*. Jackson had previous honesty crime convictions, including a "Theft by Swindle" conviction in which the victim was another inmate . *Id*. In 2010 Jackson had convinced Plaintiff to transfer $2,500.00 from an outside account through the account of their mutual attorney, allegedly for the purchase of a "truck." However Jackson did not have a truck and was, in fact running another swindle scheme with Plaintiff as the victim. Defendants Krenik and Azure were directly involved in an investigation with Jackson, but they

2

failed to make themselves aware of his criminal history, including the recent conviction for theft by swindle. *Id.* Defendant Vogelsberg was directly involved with Jackson in setting up and establishing a wiretap Jackson wore while working with Plaintiff. The recording device had an on-off switch that Jackson had access to wood. *Id. at 8.*

Plaintiff's Post-Conviction Petition was dismissed without an evidentiary hearing. In dismissing the Petition, the Minnesota Court of Appeals highlighted that "[Plaintiff] provided no proof that the audio is exculpatory outside of self-serving statements in his affidavit, and he had ample opportunity to raise and explore the issue but failed to do so." . State v.Woodward, A18-0253 at p. 6 (Minn. Ct. App. December 24, 2018); *Doc.35-1, p.9.* The Minnesota Court of Appeals did not, however, explain how Plaintiff was supposed to raise and explore the issues when no evidentiary hearing was granted.

## **ARGUMENT**

I. **Defendant Vogelsberg's Motion should be denied based upon the contents of his Answer.**

Defendant Vogelsberg has joined in this Motion. Vogelsberg has represented himself since the commencement of the action, and has appeared on his behalf before this Court as well as filed documents on his behalf.

Vogelsberg served and filed an Answer (characterized as a "Reply") to Plaintiff's Complaint (characterized as in response to the "Summons") along with a cover letter and Affidavit of Service by Mail. *ECF Doc. 6 with Attachments.*

Vogelsberg's Answer stated plainly as follows:

1) I did not knowingly violate Plaintiff's Civil Rights.
2) I am not opposed to being deposed by Plaintiff and in the interest of justice, will coordinate a date and time with Plaintiff's attorney Chris Perske to be deposed.

*Id.*

On April 4, 2019 Vogelsberg filed and served Motion Materials supporting a Motion to Dismiss / Motion for Judgment on the Pleadings. *ECF Docs 39-43*. No Amended Answer or other pleadings were filed or served by Vogelsberg.

The plain and clear language of Vogelsberg's Answer indicates that while he denies the allegations against him, he did not raise any affirmative defense to the requested relief – actually consenting to participate in a deposition with Plaintiff's counsel. Plaintiff is careful to note that Vogelsberg is pro se, and that pro se pleadings should be construed liberally, but there is no language left to the

imagination in Vogelsberg's Answer – he agreed to participate in the deposition.[1] That consent should be binding upon Vogelsberg and Plaintiff.

II. **Standard of Review for a Rule 12 Motion to Dismiss.**

Defendants Azure and Vogelsberg have sought dismissal under "Rule 12" of the Federal Rules of Civil Procedure, whereas Defendant Krenik has brought his Motion under Rule 12(c ). *Compare. ECF Docs 16, 39 with 32*.

---

[1] It is important to note that the Court placed a stay on discovery, pending the pretrial conference, by Order dated January 22, 2019 (*ECF Doc.7)* so Plaintiff and Vogelsberg were and remain prohibited from conducting the agreed-upon deposition. At the pretrial conference, Plaintiff's counsel was invited by the Court to request to lift the stay on discovery only in the event that there was discovery needed to be conducted to oppose the Motion to Dismiss based upon the legal theories set forth by defense counsel. Therefore, Plaintiff's counsel is of the opinion that requesting a lift of the stay to conduct Vogelsberg's deposition would be an abuse of the request process at this juncture, and so Plaintiff has not yet sought permission to conduct the deposition. Vogelsberg's inferred opposition now contained in his Motion to Dismiss materials now places Plaintiff in an unfair position when the pleadings filed are inconsistent with one another.

The standard of review in a motion for judgment on the pleadings is the same as that in a Rule 12(b)(6) motion to dismiss. NanoMech, Inc. v. Suresh, 777 F.3d 1020, 1023 (8th Cir. 2015). When evaluating a motion to dismiss under Rule 12(b)(6) or for judgment on the pleadings under Rule 12(c), the Court assumes the facts in the Complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the non-moving party. Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986); see also Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990) ("[W]e review this 12(c) motion under the standard that governs 12(b)(6) motions.").

Neither should dismissal be ordered because all of the elements that give rise to a legal basis for recovery have not been stated. Bramlet v Wilson, 495 F2d 714 (8th Cir. 1974).

A complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible, as required to survive a motion to dismiss for failure to state a claim. A claim is "facially plausible," as would survive motion to dismiss for failure to state a claim, where the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Wilson v. Arkansas Department of Human Services, 850 F.3d 368 (8th Cir. 2017).

Under federal pleading standards, a plaintiff need only allege facts that permit the reasonable inference that the defendant is liable, even if the complaint strikes a savvy judge that actual proof of the facts alleged is improbable and recovery very remote and unlikely. Hamilton v. Palm, 621 F.3d 816 (8th Cir. 2010).

Here, Plaintiff, using the format for pleadings of §1983 claims identified for current prisoners has set forth a significant number of facts regarding the physical and technical information as well as the alleged actions and behavior of the Defendants.

### III. **Plaintiff has set forth a cognizable claim under 42 U.S.C. §1983 and is not barred by Heck v. Humphrey.**

Plaintiff has alleged that state actors, under color of state law, have deprived him of rights guaranteed by federal law.

Plaintiff's Complaint, on its face, is not seeking to challenge the fact of, or length of his criminal conviction, nor monetary damages. *See Amended Complaint, ECF Doc. 5, p. 6.* Therefore, under these circumstances, a claim under 42 U.S.C. § 1983 is appropriate rather than *habeas corpus*. Kruger v. Erickson, 77 F.3d 1071 (8th Cir. 1996). It is undisputed that at the time of the facts at issue, Plaintiff was (and is) a prisoner at a Minnesota State Correctional Facility. It is, in part, those

conditions in which he was placed that are under scrutiny and challenge in this action.

Moreover, at issue is the availability of information and evidence that Plaintiff seeks post-conviction, but has been unable to obtain through the Minnesota State Post-Conviction Process, Minnesota Statutes § 590.01 *et seq.*. In fact, as set forth in Plaintiff's Complaint, Plaintiff acknowledges that the Defendants (specifically Vogelsberg) have not been deposed. *ECF Doc. 5, pp. 4-5.* Minnesota Statutes § 590.01 *et seq* contains no discovery mechanisms or discovery rights for those seeking to operate under its purview.[2][3]

---

[2] It is anticipated that Defendants will inquire of Plaintiff as to the availability of limited discovery by Petitioners under *Habeas Corpus*. Notwithstanding the argument that this case is properly brought under 42 U.S.C. § 1983, Plaintiff argues that Discovery in that situation is discretionary and limited, placing the burden upon the Petitioner to demonstrate its need and scope without a guarantee of a positive result.

[3] It is appropriate at this juncture in the memorandum that Plaintiff explains that his Complaint is not challenging the denial of the Post-Conviction Petition by the State District Court, and as affirmed by the Minnesota Court of Appeals, however it is rather the denial of the Petition without an evidentiary hearing which consequently

The availability of discovery as relief in 42 U.S.C. § 1983 claims was dealt with by the United States Supreme Court in Skinner v. Switzer, 562 U.S. 521, 131 S. Ct. 1289 (2011). In that case, the United States Supreme Court held that a prisoner *could* obtain DNA testing post-conviction. The Skinner Court reasoned that the prisoner's "[s]uccess in his suit for DNA testing would not 'necessarily imply' the invalidity of his conviction." While the Court recognized that test results might prove exculpatory, that outcome, it concluded, was "hardly inevitable" as the results might prove inconclusive or even be incriminating. And although the prisoner's "*ultimate* aim" was "to use the test results as a platform for attacking his conviction," the relief sought would "neither terminat[e] custody, accelerat[e] the future date of release from custody, nor reduc[e] the level of custody." Skinner v. Switzer, 562 U.S. 521, 131 S.Ct. 1289, 179 L.Ed. 2d 233 (2011).

Like in Skinner, Plaintiff's request for discovery in the form of audio/video evidence and the depositions of those who created and handled it do not "necessarily imply" the invalidity of the conviction. For example, it is explained by Plaintiff's expert Don Sazma, in the Complaint (*See Doc 5, exhibit 1, p. 8)* that Thomas Jackson, the informant who made the audio recordings would have had the ability to

---

closed-the-door on Plaintiff's ability to obtain testimony and evidence from the Defendants.

turn the recording device on and off. Plaintiff seeks the ability to have his experts inspect the device in question, or question Defendants about the make and model and their interaction with Jackson in the operation of the device. This type of discovery has not been available to Defendant, and the power of this Court to compel the production and inspection of this information and evidence is a fair use of § 1983, particularly under Skinner.

In full candor to this Court, Skinner identifies the limits of its application, placing *Brady* violations on the opposite side of its holding. Skinner, 562 U.S. at 536. However, Plaintiff's claims are not to be construed as *Brady* violations. The basis for this argument is that the Minnesota Court of Appeals determined there were no *Brady* violations, in that the court found that Plaintiff had not been able to demonstrate that the 18 minutes of missing audio were, in fact, exculpatory, and it was the positon of the Minnesota Court of Appeals that the full audio tapes had been provided to Plaintiff's counsel in advance of trial, so nothing was withheld. State v.Woodward, A18-0253 at p.4 (Minn. Ct. App. December 24, 2018).

This matter is not subject to *Rooker-Feldman* preclusion or estoppel.

Defendants have argued that their Motions should be granted because the case is subject to what is commonly known as the *Rooker-Feldman* doctrine, taken from the two United States Supreme Court cases that comprise the name of the theory. *See*

*Docs 18 p. 7;34 p. 9, and 40 p.2.* Defendants also argue that the doctrine of estoppel precludes the case from moving forward. However these arguments do not hold water.

First, the *Rooker-Feldman* limitation on subject matter jurisdiction applies only to federal actions commenced *after* state court proceedings have ended. It is confined to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp. (2005) 544 US 280, 284, , 125 S.Ct. 1517, 1527 1521-1522. Here, it is undisputed that this federal lawsuit was commenced on November 27, 2018, whereas the Minnesota Court of Appeals opinion did not come until December 24, 2018. Plaintiff could not have been considered a state court "loser" when he had not yet lost in state court upon commencement of the action.

In addition, *Rooker-Feldman* does not prohibit a plaintiff from presenting a generally applicable legal challenge to a state statute in federal court, even if that statute has previously been applied against him or her in state court litigation. Thus, a district court may adjudicate a challenge to the statute's constitutionality even if it cannot review a state court's application of the statute to the plaintiff in a particular case. Scheer v. Kelly 817 F3d 1183, 1186-1188 (9th Cir. 2016); Carter v. Burns,524 F3d 796, 798-799 (6th Cir. 2008); Doe v. Florida Bar 630 F3d 1336, 1341-1342

(11th Cir. 2011) (plaintiff's § 1983 action seeking recertification from Florida State Bar barred by *Rooker-Feldman* as to as-applied constitutional challenge, but not as to facial challenge); see also Skinner v. Switzer, 562 U.S. at 532 (explaining "a state-court decision is not reviewable by lower federal courts, … a statute or rule governing the decision may be challenged in a federal action"). As stated previously, Plaintiff is challenging the lack of discovery options available at the district court at the post-conviction level. Defendants' estoppel argument fails for the same reasons – this action simply is not being re-litigated as Defendants are arguing.

## **CONCLUSION**

For the reasons stated herein, Defendants' Motion to Dismiss should be denied and this case should proceed to a decision on the merits and Plaintiff should be granted his requested discovery.

Dated: 4/25/19_____    s/Christopher J. Perske_____
                                Christopher J. Perske (0347164)
                                PO BOX 20353
                                Bloomington, MN 55420
                                952-495-0669
                                cperske@gmail.com