UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| John Stephen Woodward, | Case No. 18-cv-3263 (WMW/BRT) |
| Plaintiff, | |
| v. | **ORDER OF DISMISSAL** |
| Sam Asure and Thomas Jackson, | |
| Defendants. | |

---

This matter is before the Court on Defendant Sam Asure's motion for judgment on the pleadings.[1] (Dkt. 16.) For the reasons addressed below, Asure's motion is granted and Plaintiff's amended complaint is dismissed without prejudice.

## BACKGROUND

Plaintiff John Stephen Woodward, who was convicted following a 2012 jury trial in Minnesota District Court (Third Judicial District), is currently serving his prison sentence. He brings this action against Sam Asure, an investigator for the Minnesota Department of Corrections at the Minnesota Correctional Facility in Faribault (MCF-Faribault), and Thomas Jackson, an inmate at MCF-Faribault in 2010.

Police began investigating Woodward in 2010 in connection with a murder-for-hire plot. At that time, Woodward was incarcerated at MCF-Faribault. Jackson, a fellow

---

[1] On July 24, 2019, the Court dismissed the amended complaint and all the claims therein against Defendants Robert J. Vogelsberg and Mark Krenik. As such, the motions of Vogelsberg and Krenik for judgment on the pleadings, (Dkts. 32, 39), are denied as moot.

inmate, assisted during the investigation by recording conversations with Woodward. The investigation of Woodward culminated in a jury trial in 2012. Portions of the recorded conversations between Woodward and Jackson were admitted in evidence at the trial, and the jury convicted Woodward of conspiracy to commit murder in the first degree.

Woodward subsequently petitioned the Minnesota District Court (Third Judicial District) for postconviction relief, claiming that the state failed to disclose exculpatory evidence contained within the audio recordings of the conversations between Jackson and Woodward. In his postconviction proceedings, Woodward asserted that, based on the conclusions of a forensic firm that he retained to analyze the recordings, a total of 18 minutes of the recordings is missing. Woodward maintained that the missing segments of the recordings contain exculpatory evidence. In the Minnesota postconviction proceeding, the Minnesota District Court denied Woodward's petition without a hearing. After concluding that Woodward could have raised the issue on direct appeal, the Minnesota District Court determined that Woodward failed to prove that the audio analyzed by the forensic firm was the same audio admitted in evidence at his trial and that Woodward's claims that the missing audio segments included exculpatory information were nothing more than conclusory allegations.

Woodward appealed the Minnesota District Court's denial of his petition to the Minnesota Court of Appeals, arguing that the district court erred by not holding an evidentiary hearing on the issue. The Minnesota Court of Appeals affirmed the Minnesota District Court's decision. The Minnesota Court of Appeals observed that the record indicated that Woodward's trial counsel had received the unredacted version of the audio

2

recordings and was aware that the recordings had been redacted for trial in order to remove lulls in the conversation. Because the state disclosed the unredacted recordings and Woodward's claim was untimely as it could have been raised on direct appeal, the Minnesota Court of Appeals affirmed Woodward's conviction.

While his appeal of the district court's denial of his petition for postconviction relief was pending before the Minnesota Court of Appeals, Woodward filed this Section 1983 claim, asserting that Defendants violated his civil rights by contributing to the "spoilage" of exculpatory evidence. Asure moves for judgment on the pleadings in the matter pending before this Court.[2]

## ANALYSIS

Asure advances several grounds for dismissal of Woodward's amended complaint. Because the existence of subject-matter jurisdiction is a threshold matter, the Court addresses Asure's jurisdictional challenge first. *See Turner v. Armontrout*, 922 F.2d 492, 493 (8th Cir. 1991).

### I. Subject-Matter Jurisdiction

Asure argues that Woodward's amended complaint is barred by the *Rooker-Feldman* doctrine. Such a challenge to subject-matter jurisdiction "may be raised at any point in the litigation." *Berger Levee Dist. v. United States*, 128 F.3d 679, 680 (8th Cir. 1997). A defendant may challenge the plaintiff's complaint for lack of subject-matter jurisdiction either on its face or on the factual truthfulness of its averments. *See* Fed. R.

---

[2] To date, Jackson has not participated in this litigation and, based on the record, it is not clear that Jackson was served with a copy of the summons or the complaint.

3

Civ. P. 12(b)(1); *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). Here, Asure's *Rooker-Feldman* argument presents a facial challenge to jurisdiction. In a facial challenge, the non-moving party "receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990). As such, the Court accepts as true all factual allegations in the amended complaint and draws all reasonable inferences in Woodward's favor. *See Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010).

The *Rooker-Feldman* doctrine provides that "lower federal courts lack subject matter jurisdiction over challenges to state court judgments" except for challenges properly brought in a habeas corpus petition. *Mosby v. Ligon*, 418 F.3d 927, 931 (8th Cir. 2005) (internal quotation marks omitted). The doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the [federal] district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). This jurisdictional bar applies only after the state-court claim has been finally resolved. *Robins v. Ritchie*, 631 F.3d 919, 928 (8th Cir. 2011). Final resolution occurs either when the state court issues a final opinion, *id.* at 927, or when "the state court proceedings have finally resolved all the federal questions in the litigation." *Id.* (quoting *Federación de Maestros de Puerto Rico v. Junta de Relaciones del Trabajo de Puerto Rico*, 410 F.3d 17, 25 (1st Cir. 2005)).

Woodward filed his federal complaint on November 27, 2018. At that time, Woodward's petition for postconviction relief was on appeal with the Minnesota Court of

4

Appeals. The Minnesota Court of Appeals did not issue a final decision until December 24, 2018, approximately one month after Woodward filed his federal complaint. Because the state-court proceedings were ongoing when Woodward filed his federal claim, the *Rooker-Feldman* doctrine does not deprive this Court of subject-matter jurisdiction.

## II. The *Heck* Doctrine

Seeking judgment on the pleadings, Asure argues that Woodward has failed to state a claim because his claim is barred by the *Heck* doctrine. A party may file a motion for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). And, as Asure has done here, a party may raise a defense for failure to state a claim in a motion for judgment on the pleadings. *See* Fed. R. Civ. P. 12(h)(2). The same legal standard used for a motion to dismiss under Rule 12(b)(6) applies to a motion for judgment on the pleadings. *See Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012). As such, the Court accepts as true all factual allegations in the amended complaint and draws all reasonable inferences in Woodward's favor. *See Blankenship*, 601 F.3d at 853.

In a Section 1983 action challenging an unlawful sentence or conviction, a plaintiff first must establish that the conviction or sentence has been reversed or otherwise declared invalid. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). A Section 1983 action may not be used to attack the validity of a conviction or sentence. *See Entzi v. Redmann*, 485 F.3d 998, 1003 (8th Cir. 2007). Instead, when a favorable ruling on a claim "would necessarily imply the invalidity of [a] conviction or sentence," that claim may be pursued only in an

action for habeas corpus relief, not in a Section 1983 claim. *Id.* (quoting *Heck*, 512 U.S. at 487).

In *Heck*, for example, the plaintiff brought a Section 1983 claim alleging that the prosecutors and investigators who were involved in his case "knowingly destroyed" exculpatory evidence. 512 U.S. at 479 (internal quotation marks omitted). The *Heck* Court held that the plaintiff's claim was not cognizable under Section 1983 because it called into question the lawfulness of the plaintiff's imprisonment. *Id.* at 483. Similarly, the Eighth Circuit has held that, when plaintiffs allege the destruction of exculpatory evidence or the planting of incriminating evidence, such allegations cannot be brought under Section 1983. *See Moore v. Sims*, 200 F.3d 1170, 1172 (8th Cir. 2000) (holding that plaintiff's Section 1983 claim that police unlawfully planted incriminating evidence was barred by *Heck*); *Moore v. Novak*, 146 F.3d 531, 535-36 (8th Cir. 1998) (holding that plaintiff's Section 1983 claim that police destroyed videotape evidence was barred by *Heck* because such allegations "would necessar[ily] imply invalidity of subsequent convictions" (citing *Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996))).

Woodward alleges that Defendants violated his civil rights by tampering with the audio recordings of his conversations with Jackson. Defendants excised several minutes of exonerating evidence from the recordings that were admitted into evidence in the state-court trial, Woodward contends. But here, as in *Heck* and *Novak*, Woodward's allegation that exonerating evidence was destroyed implies that his underlying conviction is unlawful. *See Heck*, 512 U.S. at 479, 483; *Novak*, 146 F.3d at 535-36. As such, Woodward's claim

is not a proper Section 1983 action because he has not established that his conviction or sentence has been reversed or otherwise declared invalid. *See Heck*, 512 U.S. at 486-87.

Woodward characterizes his claim as a request for additional discovery as to the audio recordings. Because he merely seeks discovery, Woodward argues, his request does not "necessarily imply" that his sentence is invalid. Woodward contends that his case is analogous to *Skinner v. Switzer*, in which an inmate filed a Section 1983 action alleging that the prosecutor's denial of access to biological evidence for DNA testing violated the inmate's civil rights. 562 U.S. 521, 529 (2011). The *Skinner* Court held that the plaintiff's claim was not barred by *Heck* because the results of the DNA test would not necessarily imply the unlawfulness of the plaintiff's conviction or sentence. *Id.* at 534. The Court reasoned that "[w]hile test results might prove exculpatory, that outcome is hardly inevitable; . . . results might prove inconclusive or they might further incriminate [the plaintiff]." *Id.* But the Court cautioned that *Skinner* should not be extended to claims relying on alleged *Brady* violations. *See id.* at 536 (explaining that a *Brady* violation is still barred by *Heck* because, "[u]nlike DNA testing, which may yield exculpatory, incriminating, or inconclusive results, a *Brady* claim, when successful postconviction, necessarily yields evidence undermining a conviction: *Brady* evidence is, by definition, always favorable to the defendant and material to his guilt or punishment").

The circumstances presented by Woodward are distinguishable from those in *Skinner*. First, unlike the plaintiff in *Skinner* who sought a new avenue of discovery, the record here indicates—and Woodward does not deny—that Woodward's trial counsel received unredacted copies of the audio recordings prior to Woodward's Minnesota District

7

Court trial. Woodward does not seek a new avenue of discovery. Second, unlike the DNA evidence in *Skinner* which *might* have proven exculpatory, Woodward explicitly alleges the missing segments from the audio recordings are "exonerating." Third, to the extent that Woodward's amended complaint is construed as challenging Defendants' failure to disclose portions of exculpatory audio recordings, this failure is akin to a *Brady* violation, *cf. Brady v. Maryland*, 373 U.S. 83, 87 (1963) (challenging the prosecution's failure to disclose exculpatory evidence), to which the ruling in *Skinner* does not apply. *See* 562 U.S. at 536.

For these reasons, Woodward's amended complaint is barred by the *Heck* doctrine and is dismissed without prejudice. *See Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995) (dismissal of *Heck*-barred claim should be without prejudice so that plaintiff may refile the action if the sentence at issue is later invalidated).

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Defendant Sam Asure's motion for judgment on the pleadings, (Dkt. 16), is **GRANTED**;

2. Defendant Mark Krenik's motion for judgment on the pleadings, (Dkt. 32), and Defendant Robert J. Vogelsberg's motion for judgment on the pleadings, (Dkt. 39), are **DENIED AS MOOT**; and

3. Plaintiff John Stephen Woodward's amended complaint, (Dkt. 5), is **DISMISSED WITHOUT PREJUDICE**.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated: August 19, 2019            s/Wilhelmina M. Wright
                                  Wilhelmina M. Wright
                                  United States District Judge